## BAZEMORE v. WILDER.

1, Where usurious interest is agreed on, by a contract made in another State, and a settlement is afterwards made here, where a note is given for the balance remaining due, in which usurious interest is also reserved, the borrower is not a .competent witness to prove the usurious contract made elsewhere, but is so as to the usury here. When therefore he is sworn as a witness, so much of his testimony as relates to the usury elsewhere, may properly be. excluded.

2. When usurious interest is reserved in the sum of a note, the amount of the usurious interest should be rejected, and it is no error of which the defendant can complain, when the court instructs the jury that no interest should be allowed after the making of a usurious note.

3. When. a contract is made in another State, and no proof is made of its interest and usury laws, there is no error in charging the jury that no deduction should be made from the face of a note for usurious interest.

Writ of Error from the Circuit Court of Randolph.

Assumpsit by Wilder against Bazemore, and another, on seventeen promissory notes for fifty dollars, each dated 18th May, 1841, and due one day after date.

At the trial the defence relied on was usury. The defendant was sworn as a witness, and stated that he borrowed from the plaintiff about the year 1837, in the State of Georgia, where the plaintiff then and still resides, some $1000 or $1100, for which notes were given, bearing interest from their date, and that separate notes were given for eight per cent. additional and unlawful interest. Sometime in the years 1839, '40 and '41, the defendant paid the plaintiff in the State of Georgia, three payments, of $400, $350 and $30 each. The notes sued on were executed at the time of their date, in this State, in extension of the said debt, for borrowed money, and for no other consideration. At that time there was a complete settlement of the transaction for borrowed money ; the calculations were made of interest at the rate of 16 per cent. per annum, and the .notes sued on were given for the same. This is continued to be done according to that rate of calculation.

The plaintiff objected to this evidence, and to the defendant as a witness, and on his motion the court excluded all the defendant's testimony in regard to the giving of notes, the rate of interest, and the payments which had taken place in Georgia, but allowed the testimony in relation to the making of the notes in Alabama, and the rate of interest there charged, to go to the jury. There was no other proof in the cause.

The court charged the jury they could not regard the evidence as to the matters of notes in Georgia, nor of the payments there made, but they were authorized to regard the testimony of the defendant as to the making of the notes in Alabama, and the rate of interest collected. In making the verdict, the jury would first inquire whether any amount over and above lawful interest was embodied in the notes, and if any such was so in the face of the notes, their verdict must be for the sum of the notes, deducting therefrom the usurious excess of interest, but they were allowed to give the plaintiff legal interest on the sum borrowed and unpaid up to the time of making the notes sued for; they could however allow no interest after the making of the notes.

The court also charged the jury, that as there was no proof as to the rate of interest charged on the notes in Georgia, they could make no diminution for usurious interest there.

The defendant excepted to the exclusion of his evidence, as well as to the charges of the court, and these matters are here assigned as error.

S. F. Rice, for the plaintiff in error, insisted,

1. The notes being made in this State, under a usurious contract, every circumstance or fact in connection with the usury, was competent evidence. [Paul v. Meek, 6 Al. Rep. 750.]

2. All the evidence of the transactions in Georgia being excluded from the jury, it is manifest the charges are erroneous, as having no application to the case before the jury, and therefore must have wrested them to the defendant's prejudice.

F. W. Bowdon, contra, argued, 1. The defendant is not competent to establish usury committed in another State, and

for this his evidence was properly excluded in relation to the transactions there. [Wilson v. Walker, 3 Stewart, 211.]

2. The borrower is only competent to testify of the illegality of the transaction for usury—[Paul v. Meek, 6 Ala. Rep. 756 ;] but here the attempt was to shew the laws of Georgia, the contract there, and other matters which the defendant was not competent to prove. [7 Ala. Rep. 185.]

3. The charge of the court may be subject to criticism, but when all the parts are taken in connection with the facts of the cause, it is correct; as it directs the jury to reject all interest accruing after the making of the note in Alabama.

GOLDTHWAITE, J.—1. There is some obscurity in the charges to the jury, but a brief examination of the facts will enable any one to ascertain the precise bearing the court intended the instructions to have. It appears the money was borrowed from the plaintiff in Georgia, where he resided, and it is evident the laws of that State furnish the rules by which the transactions there had are to be expounded. After the dealings between the parties had continued for some years, a settlement took place in Alabama, when the notes in suit were made, and when also usurious interest was contracted for, and, as we infer from one portion of the charge, carried into the face of the notes, although these on their face are payable one day after date. With respect to the usurious contract in this State, the defendant was a comptent witness under our statute, but he was not so as to the usurious contract in Georgia. This point was so settled in Wilson v. Walker, 3 Stewart, 211, where the statute was construed as not letting in the defendant to show a usurious contract in another State. After the disclosure of the facts by the witness, it became necessary, and certainly was proper, for the court to exclude from the jury that portion of his testimony which related to the usurious transactions in Georga. We do not understand the court as going beyond this in the exclusion, and to this extent it was warranted by the case just cited.

2. As there was properly speaking no evidence before the jury, of the transaction in Georgia, the court might well have omitted all mention, or reference to it, but the witness was sworn, and had testified to the jury, therefore it became a

matter of some moment for the court in its charge to disconnect the transactions, and in doing this we cannot perceive the least error. The jury was told to ascertain in the first instance, whether any unlawful interest was embodied in the notes sued for, and if there was, to reject it. They were also instructed to allow no interest after the making of the notes. So far as the charge applied to the transaction in this State, there is no error of which the defendant can complain.

3. As the defendant, after the rejection of his testimony of the transactions in Georgia, offered no evidence whatever of the laws of that State with respect to interest, and usury, there was nothing upon which the illegality of the contract there could be predicated, and therefore it was correct to instruct the jury, no diminution could be made on account of usurious interest, taken or reserved there ; and although that part of the charge allowing the jury to give the plaintiff lawful interest on the sum borrowed and unpaid up to the time of making the notes, may not be precisely correct, yet the error, if there is any, is against the plaintiff, who was entitled to recover according to the calculations thus made, and acquiesced in by the defendant.

We think there is no error in the record. Judgment affirmed.